UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-00056 (SRN/EMB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | **SUPERSEDING INDICTMENT** |
| v. | 18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(c) |
| (1) KIRON JAMOLL WILLIAMS,<br>  a.k.a. "Killer," | 18 U.S.C. § 924(a)(8)<br>18 U.S.C. § 924(j) |
| (2) SILK LAMOND DAVIS,<br>  a.k.a. "Do Good," | 21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(A) |
| (3) LAKENDRICK DARNELL GILLIAM,<br>  a.k.a. "Bay Bay," | 21 U.S.C. § 841(b)(1)(B)<br>21 U.S.C. § 841(b)(1)(C) |
| (4) RASHSHON JAMAHL TAGGETT,<br>  a.k.a. "Dread," a.k.a. "Lay Low," | 21 U.S.C. § 846<br>21 U.S.C. § 851 |
| (5) TREVON HARRIS,<br>  a.k.a. "Tracy," a.k.a. "Tray," | 21 U.S.C. § 853 |

UNITED STATES OF AMERICA,
        Plaintiff,

                v.

(1) KIRON JAMOLL WILLIAMS,
        a.k.a. "Killer,"
(2) SILK LAMOND DAVIS,
        a.k.a. "Do Good,"
(3) LAKENDRICK DARNELL GILLIAM,
        a.k.a. "Bay Bay,"
(4) RASHSHON JAMAHL TAGGETT,
        a.k.a. "Dread," a.k.a. "Lay Low,"
(5) TREVON HARRIS,
        a.k.a. "Tracy," a.k.a. "Tray,"
(6) MARICUS ANTONIO LEROY MOORE,
        a.k.a. "Slug,"
(7) LARNELL DOUGLAS WREN,
        a.k.a. "LA,"
(8) DEANGELO MARTEZ DAVENPORT,
        a.k.a. "Rock," a.k.a. "Kenny Davenport,"
(9) RICHARD PAYTON, III,
        a.k.a. "Poison,"
(10) GARYEGUS LEALEXANDRA COOPER,
        a.k.a. "Pig,"
(11) EMMETT DUANE WILLIAMS,
        a.k.a. "FuFu,"
(12) MORTEZ LASHI CRUMBLE, and
(13) EDDIE DERSAILL BROWN,
        a.k.a. "Mike Mike,"

                Defendants.

**SUPERSEDING
INDICTMENT**

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)
18 U.S.C. § 924(a)(8)
18 U.S.C. § 924(j)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 846
21 U.S.C. § 851
21 U.S.C. § 853


SCANNED
JUN 2 4 2026
U.S. DISTRICT COURT MPLS

U.S. v. Kiron Jamoll Williams, et al.

THE UNITED STATES GRAND JURY CHARGES THAT:

## Introduction

At times relevant to this Indictment:

1.      The Family Mob is a gang that traffics narcotics, along with other associates, in South Minneapolis. The Family Mob originated in approximately the late 1990s to early 2000s.   Numerous members of the Family Mob were then prosecuted and convicted of crimes in the United States District Court for the District of Minesota. Following those convictions, some members began to identify themselves as the "10z/20z" in addition to Family Mob. The Family Mob developed historical rivalries with other Minneapolis gangs, including but not limited to the Rollin' 30s Bloods, the Bogus Boys, and G-Block.

2.      As the group evolved, members of the Family Mob associated and allied with others who were not members of the Family Mob gang. This included members of other gangs in South Minneapolis, including members of the Vice Lords, the Mickey Cobras, and the Crips. It also included associates who were not affiliated with any gang.

3.      Together, the Family Mob members and their associates comprise the Family Mob Drug Trafficking Organization, ("DTO.") The Family Mob DTO includes both members of the gang and non-members who share the common purpose of trafficking narcotics in Minneapolis. The DTO controls territory on

U.S. v. Kiron Jamoll Williams, et al.

Lake Street from Portland Avenue to 15th Avenue South.

## **Roles of the Family Mob DTO Members**

4.    Starting no later than February 1, 2025, and continuing through on or about June 30, 2026, the Family Mob DTO trafficked vast quantities of fentanyl in the State and District of Minnesota.   To maintain its territory, the Family Mob DTO used firearms and violence to intimidate, rob, and even kill people who interfered in its operations.

5.    Several individuals supplied large quantities of fentanyl to other coconspirators, who would then sell fentanyl in Minneapolis.   These suppliers included KIRON JAMOLL WILLIAMS, a.k.a. "Killer," SILK LAMOND DAVIS, a.k.a. "Do Good," and RASHSHON JAMAHL TAGGETT, a.k.a. "Dread," a.k.a. "Lay Low."   Over the course of the conspiracy, K. WILLIAMS, DAVIS, and TAGGETT, supplied numerous kilograms of fentanyl to be sold by other members of the DTO.   On or about June 16, 2025, law enforcement seized nearly one kilogram of fentanyl and approximately $26,000 in U.S. currency from DAVIS's residence.   On or about October 16, 2025, law enforcement seized nearly five kilograms of fentanyl, three firearms, and approximately $50,000 in U.S. currency from a residence WILLIAMS used for drug trafficking.   These seizures represent only a fraction of the fentanyl that was trafficked by the DTO.

U.S. v. Kiron Jamoll Williams, et al.

6. The Family Mob DTO operated an open-air drug market on Lake Street in south Minneapolis from which its members sold fentanyl and other narcotics. DAVIS coordinated these sales by providing supply and direction. Narcotics sellers in Family Mob DTO territory were influenced to buy their narcotics from DAVIS, or another co-conspirator affiliated with the DTO. When other dealers attempted to sell in territory controlled by the Family Mob DTO, its members periodically used intimidation, and even violence, to eliminate that threat.

7. Individuals could not sell in the territory of the Family Mob DTO unless they were part of the Family Mob, allied with members, or on good terms with the members of the DTO. Defendants HARRIS, a.k.a. "Tracy," a.k.a. "Tray," MOORE, a.k.a. "Pig," GILLIAM, a.k.a. "Bay Bay," WREN, a.k.a. "LA," DAVENPORT, a.k.a. "Rock," PAYTON, a.k.a. "Poison," and COOPER, a.k.a. "Slug," were all permitted to sell narcotics on Lake Street. These defendants sold multiple grams per day to users and other smaller dealers.

8. On September 14, 2025, HARRIS and DAVENPORT committed murder during an attempted robbery. Before the shooting, members of the Family Mob DTO were engaged in drug sales in the area of 15th Avenue South and Lake Street East in south Minneapolis. Two other drug dealers, identified herein as Victim 1 and Victim 2, arrived in the same area. As Victim 1 and

<u>U.S. v. Kiron Jamoll Williams, et al.</u>

Victim 2 walked past, HARRIS and DAVENPORT accosted them at gunpoint in an attempt to rob them. DAVENPORT shot Victim 2 and pistol whipped him repeatedly. Victim 1 attempted to get control over HARRIS's firearm but was shot in the leg. The bullet fired by HARRIS struck the femoral artery in Victim 1's leg, and Victim 1 subsequently died as a result.   Victim 2 received medical treatment and survived.

9.      The events of September 14, 2025, represent only a single instance of the Family Mob DTO possessing and using firearms in furtherance of drug trafficking.   Throughout the investigation, law enforcement seized numerous firearms from various members of the Family Mob DTO, many of whom are ineligible to possess firearms due to prior felony convictions. Defendant CRUMBLE possessed a firearm on October 16, 2025, during the search of K. WILLIAMS's stash house. Defendant GILLIAM frequently carried firearms, including during a drug sale on November 21, 2025. On April 9, 2026, Defendant E. WILLIAMS carried a firearm in his vehicle while selling narcotics.

### COUNT 1
(Conspiracy to Distribute Fentanyl)

Beginning no later than on or about February 1, 2025, in the State and District of Minnesota, and continuing through on or about June 30, 2026, the defendants,

U.S. v. Kiron Jamoll Williams, et al.

**KIRON JAMOLL WILLIAMS,
SILK LAMOND DAVIS,
LAKENDRICK DARNELL GILLIAM,
RASHSHON JAMAHL TAGGETT,
TREVON HARRIS,
MARICUS ANTONIO LEROY MOORE,
LARNELL DOUGLAS WREN,
DEANGELO MARTEZ DAVENPORT,
RICHARD PAYTON III,
GARYEGUS LEALEXANDRA COOPER,
EMMETT DUANE WILLIAMS,
MORTEZ LASHI CRUMBLE, and
EDDIE DERSAILL BROWN,**

did knowingly and intentionally conspire with each other and with others known and unknown to the grand jury to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

## COUNT 2
(Possession with Intent to Distribute Fentanyl)

On or about June 16, 2025, in the State and District of Minnesota, the defendant,

**SILK LAMOND DAVIS,**

did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-

6

U.S. v. Kiron Jamoll Williams, et al.

N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"),

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 3
(Using, Carrying, and Discharging a Firearm Resulting in Death During and In Relation to a Drug Trafficking Crime)

On or about September 14, 2025, in the State and District of Minnesota, the defendants,

**TREVON HARRIS, and
DEANGELO MARTEZ DAVENPORT,**

aiding and abetting each other, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute fentanyl, as alleged in Count 1 of the Indictment, did knowingly use, carry, brandish, and discharge a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A), and in the course of such violation, did cause the death of Victim 1 through use of a firearm, which killing is murder as defined by Title 18, United States Code, Section 1111(a), in that **TREVON HARRIS** and **DEANGELO MARTEZ DAVENPORT**, with malice aforethought, did unlawfully kill, and cause the killing of, Victim 1, in the perpetration of or attempt to perpetrate a robbery, all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i)-(iii) and 924(j)(1).

U.S. v. Kiron Jamoll Williams, et al.

## COUNT 4
(Possession with Intent to Distribute Fentanyl)

On or about October 16, 2025, in the State and District of Minnesota, the defendants,

**KIRON JAMOLL WILLIAMS, and
MORTEZ LASHI CRUMBLE,**

each aiding and abetting the other, did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 5
(Possessing a Firearm in Furtherance of a Drug Trafficking Crime)

On or about October 16, 2025, in the State and District of Minnesota, the defendant,

**MORTEZ LASHI CRUMBLE,**

did knowingly possess a firearm, that is, Glock 43X 9mm pistol bearing serial number AKSK789, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, aiding and abetting possession with intent to distribute fentanyl, as alleged in Count 2 of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

U.S. v. Kiron Jamoll Williams, et al.

## COUNT 6
(Carrying a Firearm During and In Relation to a Drug Trafficking Crime)

On or about November 21, 2025, in the State and District of Minnesota, the defendant,

**LAKENDRICK DARNELL GILLIAM,**

did knowingly carry a firearm, that is, a Springfield XD Model 2 Pistol bearing serial number GM832904, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute fentanyl, as alleged in Count 1 of the Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 7
(Distribution of Fentanyl)

On or about January 16, 2026, in the State and District of Minnesota, the defendants,

**LAKENDRICK DARNELL GILLIAM, and
RASHSHON JAMAHL TAGGETT,**

each aiding and abetting the other, did unlawfully, knowingly, and intentionally distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

U.S. v. Kiron Jamoll Williams, et al.

## COUNT 8
(Felon in Possession of a Firearm)

On or about April 9, 2026, in the State and District of Minnesota, the defendant,

**EMMETT DUANE WILLIAMS,**

having previously been convicted of the following crimes, punishable by imprisonment for a term exceeding one year:

| Conviction | Location | Date of Conviction |
|---|---|---|
| Unlawful Possession of a Firearm | Hennepin County | February 21, 2023 |
| Domestic Assault | Hennepin County | February 21, 2023 |
| Fifth Degree Drug Possession | Hennepin County | February 21, 2023 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Smith & Wesson SD9VE semi-automatic handgun bearing serial number FCD3464, in violation of Title 18, United States Code, Sections 922(g)(1), and 924(a)(8).

U.S. v. Kiron Jamoll Williams, et al.

## COUNT 9
(Possession with Intent to Distribute Methamphetamine, Cocaine, and Fentanyl)

On or about April 9, 2026, in the State and District of Minnesota, the defendant,

**EMMETT DUANE WILLIAMS,**

did knowingly and intentionally possess with intent to distribute mixtures and substances containing a detectable amount of methamphetamine, cocaine, and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), all controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 10
(Carrying a Firearm During and In Relation to a Drug Trafficking Crime)

On or about April 9, 2026, in the State and District of Minnesota, the defendant,

**EMMETT DUANE WILLIAMS,**

did knowingly carry a firearm, that is, a Smith & Wesson SD9VE semi-automatic handgun bearing serial number FCD3464, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, as alleged in Count 10 of the Indictment, in violation of Title 18, United States

U.S. v. Kiron Jamoll Williams, et al.

Code, Section 924(c)(1)(A).

## NOTICE OF PRIOR CONVICTION

Before committing the offense charged in Count 1 of this Indictment, the defendant KIRON JAMOLL WILLIAMS was convicted of Distribution of Cocaine, a serious drug felony which had become final for which he served more than 12 months of imprisonment and for which he was released from imprisonment within 15 years of his commencement of Count 1. *See United States of America v. Kiron Jamoll Williams*, 06-CR-311 (ADM). As a result of that conviction, defendant KIRON JAMOLL WILLIAMS is subject to increased punishment under 21 U.S.C. § 851.

## NOTICE OF PRIOR CONVICTION

Before committing the offense charged in Count 1 of this Indictment, the defendant DEANGELO MARTEZ DAVENPORT was convicted of Distribution of Cocaine, a serious drug felony which had become final for which he served more than 12 months of imprisonment and for which he was released from imprisonment within 15 years of his commencement of Count 1. *See United States of America v. KENNY DAVENPORT (TRUE NAME: DEANGELO MARTEZ DAVENPORT)*, 07-CR-439(7) (JNE/SRN). As a result of that conviction, defendant DEANGELO MARTEZ DAVENPORT is subject to increased punishment under 21 U.S.C. § 851.

U.S. v. Kiron Jamoll Williams, et al.

## NOTICE OF PRIOR CONVICTION

Before committing the offense charged in Count 1 of this Indictment, the defendant TREVON HARRIS was convicted of Second-Degree Assault, a serious violent felony which had become final for which he served more than 12 months of imprisonment and for which he was released from imprisonment within 15 years of his commencement of Count 1. *See State of Minnesota v. TREVON HARRIS*, 27-CR-21-16452. As a result of that conviction, defendant TREVON HARRIS is subject to increased punishment under 21 U.S.C. § 851.

## FORFEITURE ALLEGATIONS

Upon conviction of Counts One, Two, Four, Seven, or Nine of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of said violations, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations, including, but not limited to:

a. a 2015 Chevrolet Tahoe, VIN # 1GNSKCKC1FR161108;

b. $17,533.00 in U.S. Currency seized from 1801 80 1/2 St. Apartment 135, Bloomington, Minnesota on February 25, 2026;

c. $3,434.05 in U.S. Currency seized from 5522 100th Lane, Brooklyn Park, Minnesota on February 25, 2026;

d. $790.00 in U.S. Currency seized from 110 East 18th Street, Apartment 121, Minneapolis, Minnesota;

13

U.S. v. Kiron Jamoll Williams, et al.

e. $583.00 in U.S. Currency seized from 754 Cook Avenue East, Saint Paul, Minnesota;

f. $280.00 in U.S. Currency;

g. Miscellaneous shoes seized from 5522 100th Lane, Brooklyn Park, Minnesota on February 25, 2026;

h. a Glock 23 40 caliber pistol bearing serial number BYAB353 seized from 3210 4th St N, Minneapolis, Minnesota on February 25, 2026;

i. a Glock 43X 9mm pistol bearing serial number AKSK789;

j. a Taurus G2c 9mm pistol bearing serial number TLY40661 seized from 3210 4th St N, Minneapolis, Minnesota on February 25, 2026;

k. an ISSC M22 .22 caliber pistol bearing serial number BLA004347 seized from 3210 4th St N, Minneapolis, Minnesota on February 25, 2026;

l. a Springfield XD Model 2 pistol bearing serial number GM832904;

m. a Smith & Wesson M&P 380 Shield EZ, bearing serial number RJS7281 seized from 738 Winslow Ave, Unit 1, Saint Paul, Minnesota on February 25, 2026;

n. a Smith & Wesson SD9VE semi-automatic handgun bearing serial number FCD3464;

o. a Sarsilmaz SAR 9 Semi-Automatic Pistol bearing serial number T1102-21BV72417 seized from 738 Winslow Ave, Unit 1, Saint Paul, Minnesota on February 25, 2026;

p. a RG25 Pistol bearing serial number 044530 seized from 738 Winslow Ave, Unit 1, Saint Paul, Minnesota on February 25, 2026;

q. a Chiappa Rhino 50D revolver bearing illegible serial number seized from 754 Cook Avenue East, Saint Paul, Minnesota on February 25, 2026;

r. 24 rounds of Ammunition seized from 1801 80 1/2 St. Apartment 135, Bloomington, Minnesota on February 25, 2026; and

s. any ammunition and accessories seized therewith.

14

U.S. v. Kiron Jamoll Williams, et al.

Upon conviction of Counts Three, Five, Six, Eight, or Ten, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms, accessories, and ammunition, involved in or used in the commission of the offenses alleged, including, but not limited to:

a. a Glock 23 40 caliber pistol bearing serial number BYAB353 seized from 3210 4th St N, Minneapolis, Minnesota on February 25, 2026;

b. a Glock 43X 9mm pistol bearing serial number AKSK789;

c. a Taurus G2c 9mm pistol bearing serail number TLY40661 seized from 3210 4th St N, Minneapolis, Minnesota on February 25, 2026;

d. an ISSC M22 .22 caliber pistol bearing serial number BLA004347 seized from 3210 4th St N, Minneapolis, Minnesota on February 25, 2026;

e. a Springfield XD Model 2 pistol bearing serial number GM832904;

f. a Smith & Wesson M&P 380 Shield EZ, bearing serial number RJS7281 seized from 738 Winslow Ave, Unit 1, Saint Paul, Minnesota on February 25, 2026;

g. a Smith & Wesson SD9VE semi-automatic handgun bearing serial number FCD3464;

h. a Sarsilmaz SAR 9 Semi-Automatic Pistol bearing serial number T1102-21BV72417 seized from 738 Winslow Ave, Unit 1, Saint Paul, Minnesota on February 25, 2026;

i. a RG25 Pistol bearing serial number 044530 seized from 738 Winslow Ave, Unit 1, Saint Paul, Minnesota on February 25, 2026;

j. a Chiappa Rhino 50D revolver bearing illegible serial number seized from 754 Cook Avenue East, Saint Paul, Minnesota on February 25, 2026;

15

U.S. v. Kiron Jamoll Williams, et al.

    k. 24 rounds of Ammunition seized from 1801 80 1/2 St. Apartment 135, Bloomington, Minnesota on February 25, 2026; and

    l. any ammunition and accessories seized therewith.

A TRUE BILL

_____    _____

UNITED STATES ATTORNEY         FOREPERSON